UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LUIS SANTOS<br>Plaintiff<br><br>v.<br><br>NOREAST MORTGAGE, INC.,<br>FIRST MAGNUS FINANCIAL,<br>HOMECOMINGS FINANCIAL,<br>WASHINGTON MUTUAL,<br>OPTION ONE MORTGAGE, PEOPLES<br>CHOICE HOME LOAN INC.,<br>FELIX BATISTA and PEDRO EVANGELISTA<br>and JOHN DOE 1-10<br>Defendants | : | CA 07 204ML<br><br>CIVIL ACTION NO.: |

## COMPLAINT

## I. PARTIES

1. Plaintiff, Luis Santos, is a resident of Providence, Rhode Island.

2. Defendant, Noreast Mortgage, Inc., upon information and belief, is a Massachusetts corporation with a place of business located in New Bedford, Massachusetts.

3. Defendant, First Magnus Financial, upon information and belief, is a corporation with a place of business located in the State of Arizona and is licensed and authorized to do business in the State of Rhode Island and regularly engage in the business of making consumer loans under both State and Federal Law.

4. Defendant, Homecomings Financial, Inc., upon information and belief, is a corporation with a place of business located in the State of California and is licensed and authorized to do business in the State of Rhode Island and regularly engage in the business of making consumer loans under both State and Federal Law.

5. Defendant, Washington Mutual, upon information and belief, is a corporation with a place of business located in the State of Washington and is licensed and authorized to do business in the State of Rhode Island and regularly engage in the business of making consumer loans under both State and Federal Law.

6. Defendant, Option One Mortgage, upon information and belief, is a corporation with a place of business located in the State of California and is licensed and authorized to do business in the State of Rhode Island and regularly engage in the business of making consumer loans under both State and Federal Law.

7. Defendant, Peoples Choice Home Loan Inc., upon information and belief, is a corporation with a place of business located in the State of Wyoming and is licensed and authorized to do business in the State of Rhode Island and regularly engage in the business of making consumer loans under both State and Federal Law.

8. Defendant, Felix Batista, upon information and belief, was a resident of the State of Rhode Island, but upon further investigation, it is believed that he has been deported from the United States of America.

9. Defendant, Pedro Evangelista, upon information and belief, is a resident of the City of Providence, State of Rhode Island.

10. Defendants, John Does numbers 1-10, is a moniker used herein for various individuals and entities that are or may be liable to Plaintiff for the acts alleged herein, but whose names and/or identities and/or whereabouts Plaintiff, after reasonable inquiry, has been unable to ascertain. Plaintiff hereby reserves his right to substitute the true names and locations of these parties should he discover the same in the course of this

litigation. Plaintiff further incorporates each of these parties as Defendants in each and every count listed below.

11. At all times relevant hereto, Defendants Noreast Mortgage, First Magnus Financial, Homecomings Financial, Washington Mutual and Option One Mortgage are and were engaged in the business of both sub prime and Alt-A/Non-conforming Mortgage lending and servicing.

12. At all times relevant hereto, Defendant Noreast Mortgage is and was engaged in the business of brokering loans in the sub prime mortgage lending industry.

13. At all times relevant hereto, all Defendants were agents and/or apparent agents of one another and/or each other and/or that each of these said entities is managed, structured, and/or operated, such that each of the said entities is liable for the acts of each of the other entities and/or all of the other said other entities for the actions complained of by the Plaintiff herein.

14. At all times relevant hereto, each of the aforesaid Defendants acted by and through their agents, officers, directors, servants, and employees, who were acting within the authorized scope and course of their employment and/or agency, under the direct control and at the direction of said Defendants.

## II. JURISDICTION AND VENUE

15. Jurisdiction over this matter is conferred upon this court by the Truth in Lending Act, 15 U.S.C. §1601 *et seq.* ("TILA"), 15 U.S.C. §1639(a) ("HOEPA"), the Real Estate Settlement Procedures Act, 12 U.S.C. §2501 *et seq.* ("RESPA"), the Equal Credit Opportunity Act, 15 U.S.C. §1691e ("ECOA"), 28 U.S.C. §§ 1331 and 1337, Federal Trade Commission Act, 15 U.S.C. §45 *et seq.* ("FTC"), and common law

theories including breach of contract, breach of fiduciary duty, fraud and professional negligence. Supplemental jurisdiction is conferred over the Plaintiff's state law claims by 28 U.S.C. § 1367(a).

16. Venue lies in this judicial district because the events which give rise to this claim occurred here, the Plaintiff resides here and the properties which are the subject of this action are all situated in this district.

## III. FACTS

17. In or about August of 2004, the Plaintiff was approached by Felix Batista who stated that he had real estate investments which he was prepared to offer to Plaintiff.

18. Defendant Batista showed to Plaintiff a property located at 78 Baxter Street, Providence, Rhode Island.

19. The sale price of the aforesaid property was $217,000.00. Upon information and belief, Defendant Batista, arranged with Defendant Noreast Mortgage Company, Inc. to serve as mortgage broker for this transaction. Representatives and/or agents of Noreast Mortgage completed all application forms and forwarded the same to Defendant Option One Mortgage Corporation for loan approval.

20. At the time that this application was completed, Plaintiff was employed by Columbus Door Company and was earning approximately $29,418.00 per year.

21. At this time, the Plaintiff's total mortgage payment including mortgage insurance and taxes was approximately $1,879.05 per month.

22. In or about May of 2005, Plaintiff was again approached by Defendant Batista who informed Plaintiff that he had more investment property if Plaintiff was interested in buying the same. It was also at this time that Plaintiff was introduced to

Defendant Evangelista who assisted Defendant Batista in brokering the sales of additional properties to the Plaintiff.

23. When the Plaintiff explained that he had no money in order to purchase more property, Defendants Batista and Evangelista told him that he could refinance the Baxter Street property and use the proceeds obtained therein to purchase two (2) additional properties.

24. Upon information and belief, Defendants Batista and/or Evangelista and/or both, referred Plaintiff to Noreast Mortgage in order to refinance the Baxter Street loan and also to provide financing for the purchase of 1517 Harvard Avenue, Providence, Rhode Island and 65 Florence Street, in Providence, Rhode Island.

25. Defendant Noreast Mortgage was the mortgage broker that performed services both for the refinancing of Baxter Street and the loan applications for the purchase of both 1517 Harvard Avenue, Providence, Rhode Island and 65 Florence Street, in Providence, Rhode Island.

26. The loan application was completed by an individual by the name of Vincent Newman, an agent of Defendant Noreast Mortgage, Inc. At the time that the aforesaid application was completed, Plaintiff did not speak, write or understand the English language. The loan application was filled out entirely by Vincent Newman and/or agents, employees or servants of Noreast Mortgage. The loan application submitted by Noreast Mortgage contains numerous false and fraudulent representations including, but not limited to, Plaintiff's gross income and purported rental income for 65 Florence Street and 78 Baxter Street.

27. Plaintiff was told to affix his signature to this document as well as others even though he did not understand the contents of said documents.

28. On or about February 17, 2005, the closing was held on the purchase of 65 Florence Street. According to the HUD sheet, Plaintiff borrowed the sum of $345,000.00 and paid $19,587.78 in settlement charges. The total monthly payment for this loan including principal, interest, taxes and insurance was $3,160.12.

29. According to the Federal Truth and Lending Disclosure statement, the Plaintiff was being charged an annual percentage rate of 8.986 percent for thirty (30) years. The total amount of payments over the term of the loan amounted to $867,825.60. The loan servicer for this particular mortgage was Defendant First Magnus.

30. On or about May 20, 2005, a second closing was held for the purchase of 1517 Harvard Avenue. The sales price for this property was $360,000.00. The Plaintiff applied $36,000.00 as a down payment. This money was obtained through the refinancing of 78 Baxter Street. The principal amount of the new loan was $324,000.00. Once again, the loan application process was administered by Defendant Noreast Mortgage Inc. As in the case of the prior two applications, the loan application submitted for the Harvard Avenue loan was completed by representatives of Noreast Mortgage. This mortgage application, like the others, contained false and misleading information including, but not limited to, the Plaintiff's income and rental income for 78 Baxter Street and 65 Florence Street.

31. The underwriter for the Harvard Street loan was Defendant Peoples Choice Home Loan Inc. Instead of giving the Plaintiff a conventional mortgage with low monthly payments and a low fixed interest rate, Peoples Choice issued Plaintiff a loan in

the principal amount of $324,000.00 with a variable percentage rate starting at 7.4 percent and increasing to 13.4 percent. The payments for the first two years totaled $2,243.32 and increased after two years to $2,593.19 excluding escrow payments.

32. Plaintiff states that Defendants, jointly and severally, through the use of so called "bait and switch" tactics, extended nearly one million dollars in credit to Plaintiff upon such terms and conditions that Plaintiff was financially unable to meet.

33. In or about November of 2006, Plaintiff's property located at 1517 Harvard Avenue was foreclosed upon by Defendant Washington Mutual.

34. On or about December 19, 2006, Plaintiff's property located at 65 Florence Street was foreclosed upon by Defendant First Magnus.

35. On or about April 14, 2007, Plaintiff's property located at 78 Baxter Street was foreclosed upon by Defendant Option One Mortgage.

36. It is the Plaintiff's contention that each of these Defendants extended credit predominantly on the basis of the liquidation value of the collateral, without regard to Plaintiff's ability to service and repay the loan according to its terms absent resort to that collateral.

37. The Plaintiff further contends that each of the Defendants engaged in "loan flipping" and/or "equity stripping" so called, for the sole purpose of generating high fees and charges which were to the benefit of the Defendants but were to the detriment of the Plaintiff.

38. The Plaintiff further contends that each of the Defendants engaged in a pattern or practice of making loans to the Plaintiff without regard to his ability to repay these loans and that the Defendants knew or reasonably should have known that the

Plaintiff would be unable to pay back these loans based on Plaintiff's income, current obligations and employment.

39. The Plaintiff further contends that the Defendants falsely represented facts to the Plaintiff which induced him into entering in each of the loan transactions as previously stated.

40. The Plaintiff further contends that the Defendants told Plaintiff not to worry about his ability to repay the loans because said loans could be refinanced in the future under more favorable terms. In addition, Plaintiff contends that Defendant, Noreast Mortgage, its agents and/or servants, engaged in fraudulent acts in obtaining credit with the various loan service providers for each of the properties.

41. The Plaintiff further contends that the Defendants extended credit to Plaintiff in violation of Underwriting Rules and Policies of the Institution, as well as Rules and Regulations promulgated by Fannie Mae and Freddie Mac.

42. The Plaintiff further believes that each of the Defendants engaged in dealings which were deceptive to Plaintiff and that the Defendants engaged in "bait and switch" tactics in order to induce Plaintiff to obtain said loans.

43. At all times relevant hereto, Plaintiff detrimentally relied on the representations of each of the Defendants regarding the benefits of each of the loans at issue.

44. The Plaintiff contends that the Defendants did not inform Plaintiff of the terms of each of these mortgages and did not fully explain to him that said mortgages were of no financial benefit to him.

45. The Plaintiff contends that each of the Defendants incurred substantial financial benefit, by charging Plaintiff excessive settlement costs, as aforesaid and benefited themselves to the detriment of Plaintiff.

46. The Plaintiff contends that each of the Defendants charged Plaintiff unreasonable fees in Plaintiffs loans, as aforesaid, in excess of the amount customarily charged for such fees. All of the aforesaid fees were financed into the mortgages, thus increasing Plaintiff's indebtedness to each of the Defendants.

47. The Plaintiff contends that each of the Defendants negligently serviced his loans.

48. The Plaintiff contends that each of the Defendants repeatedly charged him excessive and unreasonable late fees as a result of his inability to meet his obligations.

49. Due to the actions of each of the Defendants on Plaintiff's various mortgages, the Defendants irreparably damaged Plaintiff's credit rating and caused him to lose large sums of money.

50. The Plaintiff contends that each of the Defendants is engaged primarily in the extension of "sub prime" and Alt-A/nonconforming mortgage loans.

51. At all times relevant hereto, Plaintiff contends that each of the Defendants was a "predatory lender" and engaged in abusive lending practices to the detriment of Plaintiff.

51. Plaintiff further contends that he has been damaged by the unlawful conduct and material misrepresentations of each of the Defendants and by the negligence of the Defendants.

52. The Defendants' improper conduct was willful and knowing, wanton and in reckless disregard for the rights of the Plaintiff.

53. Plaintiff states that all claims alleged herein are filed in a timely manner and/or equitably tolled due to the fraudulent concealment of each Defendant as alleged herein.

54. As a direct and proximate result of the actions of each of the Defendants, as aforesaid, the Plaintiff was unable to pay mortgages that he never wanted or requested and did not benefit him in any way.

55. Each and every violation of law alleged herein is or was apparent on the face of the mortgage and closing documents and any assignee exercising due diligence would have been aware of such violations at or prior to the time of any assignment of Plaintiff's loan or loans.

56. The Plaintiff was unsophisticated and unable to consummate real estate transactions without the assistance of real estate professionals. Accordingly, Plaintiff reasonably relied on all Defendants in obtaining mortgage and/or refinancing of prior indebtedness.

**COUNT I**
**(TILA VIOLATION)**
***(PLAINTIFF AGAINST ALL DEFENDANTS)***

57. Paragraphs 1-56 are hereby incorporated herein by reference.

58. At all times relevant hereto, each of the Defendants and/or its assignor in the ordinary course of business extended or arranged for the extension of consumer credit or offered to extend or arrange for the extension of such credit payable by agreement in

more than four installments or for which the payment of a finance charge is or may be required.

59. Plaintiff entered into a consumer credit transaction with Defendants and executed a note and mortgage on each property.

60. In all said load transaction, Plaintiff did not receive all the disclosures required by the Truth-In-Lending Act ("TILA"), 15 U.S.C. §1601 et seq. and Regulation Z of the Federal Reserve Board ("Regulation Z"), 12 C.F.R. et seq. including but not limited to notice pursuant to the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. §1639(a) ("HOEPA").

61. Defendants failed to deliver all "material" disclosures required by the act and Regulation Z, including, inter alia:

a. Failing to properly and accurately disclose the "amount financed," using that term, in violation of Regulation Z §226.18 (b) and 15 U.S.C. §1638 (a)(2)(A);

b. Failing to clearly and accurately disclose the "finance charge" using that term, in violation of Regulation Z § 226.4 and 15 U.S.C. § 1638(a)(3);

c. Failing to clearly and accurately disclose the "annual percentage rate" using that term, in violation of Regulation Z § 226.18(e) and 15 U.S.C. § 1638(a)(4); and,

d. Failing to comply with the special disclosure requirements of §226.32;

e. Failing to timely provide each Plaintiff with two (2) copies of a Notice of his/her Right to Rescind the Transaction pursuant to TILA and/or HOEPA.

f. Requiring the Plaintiff to sign a Notice of their Right to Rescind the Transaction on a date other than the settlement date.

g. Failing to provide Plaintiff with the Adjustable Rate Booklet required at the latest, three (3) days subsequent to the lenders receipt of Plaintiff's loan application, 12 C.F.R. § 226.19 (b).

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in his favor, and against Defendants, jointly and severally, and order the following relief:

a. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with each of the aforementioned transaction;

b. Statutory damages of $2,000.00 per TILA violation;

c. Forfeiture and return of loan proceeds;

d. Actual damages in an amount to be determined at trial; and

e. An award of reasonable attorneys fees and expenses, and costs of suit; and

f. Punitive damages.

g. Such additional relief as is deemed just and proper, or that the interests of justice may require.

**<u>COUNT II</u>**
**(VIOLATION OF HOME OWNERSHIP AND EQUITY PROTECTION ACT OF 1994) ("HOEPA")**
***(PLAINTIFF AGAINST ALL DEFENDANTS)***

62. Paragraphs 1-61 are hereby incorporated herein by reference.

63. Upon information and belief, each of the transactions mentioned previously, were high rate mortgages with the meaning of 15 U.S.C. §1602(aa)(1)(B), in

that the total points and fees Defendants charged Plaintiff were excessive within the meaning of HOEPA.

64. Because each of this transactions met the statutory definition of high rate mortgage, each loan was subject to the additional disclosure requirements imposed by the TILA amendments contained in the Home Ownership and Equity Protection Act of 1994, 15 U.S.C. § 1639(a) ("HOEPA").

65. Each of the transactions engage in by the Defendants as aforesaid, constituted a pattern or practice of making covered loans based on the borrower's collateral without regard to the borrower's ability to repay, including the borrower's current and expected income, current obligations, and employment in violation of the Home Owners and Equity Protection Act of 1994, 15 U.S.C. § 1639(a) ("HOEPA").

66. Defendants did not comply with the requirements of HOEPA and Section 32 therein.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in his favor, and against Defendants, jointly and severally, and order the following relief:

a. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with each of the aforementioned transaction;

b. Statutory damages;

c. Forfeiture and return of loan proceeds;

d. Actual damages in an amount to be determined at trial; and

e. An award of reasonable attorneys fees and expenses, and costs of suit; and

f. Punitive damages.

g. Such additional relief as is deemed just and proper, or that the interests of justice may require.

**COUNT III**
**RESPA VIOLATIONS**
***(PLAINTIFF AGAINST ALL DEFENDANTS)***

67. Paragraphs 1-66 are hereby incorporated herein by reference.

68. Plaintiff has been damaged by the unlawful conduct and material misrepresentations of the Defendants and by the negligence of the Defendants.

69. The Defendants' improper conduct was willful and knowing, wanton and in reckless disregard to the rights of Plaintiff.

70. At all times relevant hereto, the Defendants were and remain creditors within the meaning of 15 U.S.C. § 1601, et seq. and therefore, 12 U.S.C. § 2601 et seq. applies and requires the Defendants to comply with its loan servicing provisions.

71. Each of the loan transactions in this case were "federally related mortgage loans" within the meaning of RESPA.

72. By and through each of the actions as aforesaid, each of the Defendants violated RESPA.

73. As a result of said violations, Defendants are liable to Plaintiff jointly and severally, for actual damages, statutory damages, attorney's fees and costs and other appropriate relief, pursuant to RESPA.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor, and against Defendants, jointly and severally, and order the following relief:

a. Actual damages;

b. Statutory damages pursuant to RESPA;

c. Attorney's fee and costs of suit;

d. Declaratory judgment that Defendant violated RESPA; and

e. Punitive damages;

f. Such additional and further relief as may be appropriate or that the interest of justice require.

**<u>COUNT IV</u>**
**VIOLATION OF THE FEDERAL TRADE COMMISION ACT (FTC ACT)**
***(PLAINTIFF AGAINST ALL DEFENDANTS)***

74. Paragraphs 1-73 are hereby incorporated herein by reference.

75. The actions of the Defendants as previously stated constitute unfair or deceptive practices thus violating 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1) .

76. The acts and/or practices of each of the Defendants as previously aforesaid constitute loan flipping and/or equity stripping, so called, and thus constitute predatory lending and/or abusive lending practices in violation of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1) .

77. As a direct and proximate cause of the Defendants violations of the Act as aforesaid, Plaintiff has suffered actual damages and Defendants are therefore liable pursuant to the Act.

78. The acts complained of herein were done by Defendants intentionally, purposefully and/or in reckless disregard of the rights of Plaintiff.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in his favor, and against Defendants, jointly and severally, and order the following relief pursuant to 15 U.S.C. § 45(a)(1) et seq.:

a. Actual damages;

b. Punitive damages;

c. Statutory damages;

d. Attorney's fee and costs of suit;

e. Declaratory judgment that Defendant violated the FTC; and

f. Such additional and further relief as may be appropriate or that the interest of justice require.

**<u>COUNT V</u>**
**EQUAL CREDIT OPPORTUNITY ACT**
***(PLAINTIFF AGAINST ALL DEFENDANTS)***

79. Paragraphs 1-78 are hereby incorporated herein by reference.

80. The actions of the Defendants as previously stated in regard to each of Plaintiff's loans were "real estate related transactions", including making or purchasing of loans or providing financial assistance secured by residential real estate and the brokering of residential real estate property within the meaning of the Equal Credit Opportunity Act 15 U.S.C. §1691 *et seq.*

81. As previously stated, each of the Defendants, through their authorized representatives and/or agents, violated 15 U.S.C. §1691 *et seq.* by issuing predatory mortgage loans designed to fail with high interest rates, closing costs and fees to unsophisticated Hispanic borrowers, including Plaintiff, because of their race, color and/or national origin.

82. Defendants specifically targeted their products and services, which were inferior and/or predatory, to Hispanic homeowners, and gave them, including Plaintiff, less favorable terms and fees based on raced, color and national origin.

83. By the actions described herein and proximate cause of Defendants conduct, Plaintiff has been damaged.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in his favor, and against Defendants, jointly and severally, and order the following relief pursuant to 15 U.S.C. § 45(a)(1) et seq.:

a. Actual damages;

b. Punitive damages;

c. Statutory damages;

d. Attorney's fee and costs of suit;

e. Declaratory judgment that Defendant violated the ECOA; and

f. Such additional and further relief as may be appropriate or that the interest of justice require.

**COUNT VI**
**FRAUD**
***(PLAINTIFF AGAINST ALL DEFENDANTS)***

84. Paragraphs 1-83 are hereby incorporated herein by reference.

85. Using fraudulent material misrepresentations and/or knowing nondisclosure, Defendants induced Plaintiff's to enter into mortgage loans that unreasonably placed his home and properties at risk of foreclosure.

86. Defendants intentionally misrepresented and/or omitted material facts to Plaintiff, to wit: that the loan was beneficial when it was not; that their fees were usual

and customary, when they were not; that their fees were a part of the finance charges and/or amount financed, when they should have been part of some other figure; that their loans were conventional and fixed when they were a variable rate APR; and that Plaintiff would be able to refinance the loans when he could not.

87. At all times relevant hereto, Defendants acted knowingly, with fraudulent intent, and/or knowingly obtained the fruits of fraud.

88. The misrepresentations and/or knowing omissions of material facts made by Defendants substantially contributed to Plaintiff's decision to enter into the mortgage transactions.

89. The aforesaid intentional misrepresentations and/or omissions were made by Defendants in an attempt to procure pecuniary gain, to wit: a security interest in Plaintiff's home and properties and/or monetary consideration from the Plaintiff or from the proceeds of the Plaintiff's loans.

90. As the intended result of the aforesaid fraud, Plaintiff reasonably relied upon the said misrepresentations and/or omissions, to his detriment.

91. In the alternative, Plaintiff reasonably relied upon the absence of material facts which, if he had known the material facts, he would not have entered into the transaction.

92. As a direct and proximate result of the said fraud, Plaintiff has sustained damages.

93. By virtue of the aforesaid fraud, Plaintiff is entitled to compensatory and punitive damages from Defendants.

WHEREFORE, Plaintiff request that the Court enter judgment in his favor and against Defendants and Order Defendants to pay compensatory and punitive damages, and Order such further or additional relief as the interests of justice may require, and will ever pray.

**COUNT VII**
**BREACH OF CONTRACT**
***(PLAINTIFF V. DEFENDANTS FIRST MAGNUS, HOMECOMINGS FINANCIAL, WASHINGTON MUTUAL, OPTION ONE MORTGAGE AND PEOPLE'S CHOICE HOME INC.)***

94. Paragraphs 1-93 are hereby incorporated herein by reference

95. At all times relevant hereto, Plaintiff and Defendants, First Magnus, Homecomings Financial, Washington Mutual, Option One Mortgage and People's Choice Home, Inc. were parties to a Note and Mortgage Agreement.

96. Pursuant to the contracts, Defendants were under various duties to Plaintiff.

97. All Defendants had an implied duty to act in good faith in the execution and performance of the mortgage contract.

98. Defendants, First Magnus, Homecomings Financial, Washington Mutual, Option One Mortgage and People's Choice Home, Inc. failed to obtain the legitimate, meaningful consent of Plaintiff for the terms of the mortgage contract.

99. The terms of the mortgage contract do not reflect a bargained-for exchange between Plaintiff and Defendants, First Magnus, Homecomings Financial, Washington Mutual, Option One Mortgage and People's Choice Home, Inc..

100. Furthermore, the Defendants, First Magnus, Homecomings Financial, Washington Mutual, Option One Mortgage and People's Choice Home, Inc. charged the

Plaintiff charges that were excessive, not reasonable, or not authorized pursuant to the parties' agreement.

101. As a direct and proximate result of the said breach of duties, Plaintiff has sustained damages.

102. The Defendants First Magnus, Homecomings Financial, Washington Mutual, Option One Mortgage and People's Choice Home, Inc. have failed to service Plaintiff's loan in good faith by:

a. Unjustified and unreasonable late fees, interest charges, attorney's fees; and

b. Failing to reasonably exhaust loss litigation options.

103. The Defendants' breach of their duty of good faith was intentional, willful, and/or wanton and reasonably calculated to result in foreclosure on the Plaintiff's real properties.

104. By and through their actions, as aforesaid, Defendants breached the said contractual duties.

105. As a direct and proximate result of the said breach of duties, Plaintiff has sustained damages.

106. By and through their actions, as aforesaid, Defendants breached the said contractual duties.

107. As a direct and proximate result of the said breach of duties, Plaintiff has sustained damages.

WHEREFORE, Plaintiff request that the Court enter judgment in his favor and against Defendants and Order Defendants to pay compensatory damages, and Order such further or additional relief as the interests of justice may require, and will ever pray.

**COUNT VIII**
**BREACH OF CONTRACT**
***(PLAINTIFF V. DEFENDANT NOREAST MORTGAGE INC.)***

108. Paragraphs 1-107 are hereby incorporated herein by reference

109. At all times relevant hereto, Plaintiff and Defendant Noreast Mortgage, Inc. were parties to a mortgage broker agreement.

110. Pursuant to the contracts, Defendants were under various duties to Plaintiff including, *inter alia*, finding Plaintiff a mortgage loan that was in his best interest. Instead, Defendant Noreast Mortgage obtained loans on Plaintiff's behalf that were unsuitable, abusive and financially detrimental to Plaintiff.

111. Defendant Noreast Mortgage, Inc. also had an implied duty to act in good faith in the execution and performance of the mortgage broker contract.

112. Defendant, Noreast Mortgage, Inc. failed to obtain the legitimate, meaningful consent of Plaintiff for the terms of the mortgage broker contract.

113. The terms of the mortgage contract do not reflect a bargained-for exchange between Plaintiff and Defendant Noreast Mortgage, Inc.

114. Furthermore, the Defendants charged the Plaintiff charges that were excessive and/or not bona fide, not reasonable, or not authorized pursuant to the parties' agreement.

115. As a direct and proximate result of the said breach of duties, Plaintiff has sustained damages

116. The Defendant's breach of its duty of good faith was intentional, willful, and/or wanton and reasonably calculated to obtain a broker commission from the proceeds of the loan at issue.

117. By and through their actions, as aforesaid, Defendant, Noreast Mortgage, Inc. breached the said contractual duties.

118. As a direct and proximate result of the said breach of duties, Plaintiff have sustained damages.

WHEREFORE, Plaintiff request that the Court enter judgment in his favor and against Defendant Noreast Mortgage, Inc. and Order Defendant to pay compensatory damages, and Order such further or additional relief as the interests of justice may require, and will ever pray.

**COUNT IX**
**BREACH OF FIDUCIARY DUTY**
***(PLAINTIFF V. DEFENDANT NOREAST MORTGAGE INC., PEDRO EVANGELISTA AND FELIX BATISTA)***

119. Paragraphs 1-118 are hereby incorporated herein by reference

120. Defendants, Noreast Mortgage, Inc., Pedro Evangelista and Felix Batista at all times relevant hereto, had a fiduciary duty with respect to Plaintiff.

121. By and through their actions, as aforesaid, Defendants breached the said duty, to wit, by placing their interests, financial and/or otherwise, above that of the Plaintiff's all for the pecuniary gain of the Defendants.

122. As a direct and proximate result of the said breach of duties, Plaintiff has sustained damages.

123. The aforesaid breach of duty was intentional, and made in reckless and wanton violation of Plaintiff's rights.

124. By virtue of the aforesaid breach of fiduciary duty, Plaintiff is entitled to compensatory and punitive damages from Defendants, Noreast Mortgage, Inc., Pedro Evangelista and Felix Batista, jointly and severally.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendants jointly and severally, and Order Defendants to pay compensatory and punitive damages, and Order such further or additional relief as the interests of justice may require, and will ever pray.

Plaintiff, Luis Santos,
By his Attorney,

John M. Verdecchia, Esq. (#3374)
1206 Westminster Street
Providence, Rhode Island 02909
(401) 453-0700
(401) 454-5557 {fax}

Dated: May 31, 2007

**PLAINTIFF DEMANDS TRIAL BY JURY**