UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LUIS SANTOS | : | |
| | : | |
| vs. | : | |
| | : | |
| NOREAST MORTGAGE, INC., FIRST MAGNUS FINANCIAL, HOMECOMING FINANCIAL, WASHINGTON MUTUAL, OPTION ONE MORTGAGE, PEOPLES CHOICE HOME LOAN, INC., FELIX BATISTA and PEDRO EVANGELISTA and JOHN DOE 1-10 | : | C.A. No. 07-204 ML |

ANSWER AND CROSSCLAIM
OF DEFENDANT OPTION ONE MORTGAGE

Defendant, Option One Mortgage hereby answers the plaintiff's Complaint as follows:

1. This defendant is without sufficient information to either admit or deny the allegations contained in paragraphs 1, 2, 3, 4, 5, 7, 8, 9, 10, 12, 14, 16, 17, 18, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 33 and 34 of the plaintiff's Complaint.

2. As to paragraph 6 of the plaintiff's Complaint, this defendant admits that Option One Mortgage is a corporation located in California and properly named Option One Mortgage Corporation, that does business, in full compliance with all applicable laws, as a mortgage lender in the state of Rhode Island. Otherwise, denied.

3. As to paragraph 11 of the plaintiff's Complaint, this defendant admits that it engages in the business of sub-prime mortgage lending and servicing. Otherwise, this defendant is without sufficient information to either admit or deny the remainder of the allegations contained in this paragraph.

4. This defendant denies the allegations contained in paragraphs 13, 21 and 56 of the plaintiff's Complaint.

5. The defendant makes no answer to the allegations contained in paragraphs 15, 16, 70, 71, 80, 96 and 97 insofar as said paragraphs state conclusions of law and not factual allegations. If it should be determined that a responsive pleading is required to these paragraphs, then the allegations contained in it are denied.

6. As to paragraph 19 of the plaintiff's Complaint, this defendant admits that Noreast Mortgage submitted an application to this defendant for action. Otherwise, this defendant is without sufficient information to either admit or deny the remainder of the allegations contained in this paragraph.

7. As to paragraph 20 of the plaintiff's Complaint, this defendant admits that the plaintiff was employed by Columbus Door Company at the time the application was submitted. Otherwise, denied.

8. As to paragraphs 32, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 51, 51 [sic.], 52, 53, 55, 60, 61, 63, 64, 65, 66, 68, 69, 72, 73, 75, 76, 77, 78, 81, 82, 83, 85, 86, 87, 88, 89, 90, 91, 92, 93, 98, 99, 100, 101, 102, 103, 104, 105, 106 and 107 of the plaintiff's Complaint, this defendant denies the allegations as to Option One Mortgage Corporation. Otherwise, this defendant is without sufficient information to either admit or deny the remainder of the allegations contains in this paragraphs.

9. This defendant admits the allegations contained in paragraph 35 of the plaintiff's Complaint.

10. As to paragraph 50 of the plaintiff's Complaint, this defendant admits that it engages in the business of sub-prime mortgage lending and servicing. Otherwise, this defendant is without sufficient information to either admit or deny the remainder of the allegations contained in this paragraph.

11. As to paragraph 54 of the plaintiff's Complaint, this defendant admits that the plaintiff failed to pay the Option One mortgage and denies all other allegations contained in this paragraph as to Option One Mortgage Corporation. Otherwise, this defendant is without sufficient information to either admit or deny the remainder of the allegations contained in this paragraph.

12. As to paragraphs 58, 59 and 95 of the plaintiff's Complaint, this defendant admits that it is a mortgage lender and that the plaintiff executed a note and mortgage in connection with a mortgage loan transaction between the plaintiff and this defendant and denies all other allegations contained in these paragraphs as to Option One Mortgage Corporation. Otherwise, this defendant is without sufficient information to either admit or deny the remainder of the allegations contained in these paragraphs.

13. This defendant makes no response to paragraphs 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 120, 121, 122, 123, 124 of the plaintiff's Complaint insofar as said paragraphs are directed to co-defendants and not to this defendant. If it should be determined that a responsive pleading is required to these paragraphs, then the allegations contained therein are denied.

14. As to paragraphs 57, 62, 67, 74, 79, 84, 94, 108, 119 of the plaintiff's Complaint, this defendant incorporates its prior answers given as if restated in full herein.

FIRST AFFIRMATIVE DEFENSE

The plaintiff's damages, if any at all, were caused by or contributed to by the plaintiff's own conduct.

SECOND AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a cause of action under 15 U.S.C. §45, et. seq., §1601, et, seq., §1639, or §1691 as to this defendant.

THIRD AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a cause of action under 12 U.S.C. §2601 as to this defendant.

FOURTH AFFIRMATIVE DEFENSE

This defendant affirmatively pleads that the statutes plead by the plaintiff do not authorize private causes of action and his claims are, therefore, barred.

FIFTH AFFIRMATIVE DEFENSE

This defendant affirmatively pleads that if any violation of the Truth in Lending Act occurred in connection with the subject transaction, it was unintentional and the result of a bona fide error.

SIXTH AFFIRMATIVE DEFENSE

This defendant affirmatively pleads estoppel as a bar to the within action.

SEVENTH AFFIRMATIVE DEFENSE

This defendant affirmatively pleads that at all times it has acted properly and in good faith and that the plaintiff's Complaint fails to allege any facts to support a claim for punitive damages.

EIGHTH AFFIRMATIVE DEFENSE

This defendant affirmatively pleads misnomer of a party as a bar to the within action.

NINTH AFFIRMATIVE DEFENSE

This defendant affirmatively pleads that the plaintiff has failed to comply with the conditions precedent to maintain this action and it is, therefore, barred.

TENTH AFFIRMATIVE DEFENSE

This defendant pleads the statute of limitations as a bar to the within action.

ELEVENTH AFFIRMATIVE DEFENSE

This defendant affirmatively pleads laches as a bar to the within action.

TWELFTH AFFIRMATIVE DEFENSE

The plaintiff's damages, if any at all, were caused by other persons, firms or corporations for whose conduct this defendant is not responsible.

THIRTEENTH AFFIRMATIVE DEFENSE

This defendant affirmatively pleads that the plaintiff has failed to plead fraud with the requisite degree of particularity and his claim is, therefore, barred.

FOURTEENTH AFFIRMATIVE DEFENSE

This defendant affirmatively pleads that the plaintiff's claims are barred by the doctrine of unclean hands.

FIFTEENTH AFFIRMATIVE DEFENSE

This defendant affirmatively pleads that the plaintiff's state law claims must fail because he has failed to state a claim upon which relief may be granted as to his alleged claims based on federal law.

SIXTEENTH AFFIRMATIVE DEFENSE

This defendant affirmatively pleads that the plaintiff's claims are barred by the doctrine of ratification.

SEVENTEENTH AFFIRMATIVE DEFENSE

This defendant affirmatively pleads that the plaintiff's claims are barred by the applicable statue of frauds and/or the parol evidence rule.

WHEREFORE, defendant Option One Mortgage Corporation demands that the plaintiff's Complaint be dismissed as against this defendant and that it be

awarded its costs related thereto.

OPTION ONE MORTGAGE
By its Attorneys,
CARROLL KELLY & MURPHY

/s/Patricia A. Buckley
PATRICIA A. BUCKLEY #2987
One Turks Head Plaza, Suite 400
Providence, Rhode Island 02903
(401) 331-7272
(401) 331-4404
pbuckley@ckmlaw.com

**THE DEFENDANT HEREBY DEMANDS TRIAL BY JURY**

**CROSSCLAIM AGAINST NOREAST MORTGAGE, INC.**

1. Upon information and belief, Noreast Mortgage, Inc. ("Noreast") is a corporation with a place of business in New Bedford, Massachusetts which does business regularly in the State of Rhode Island.

2. Defendant, Option One Mortgage Corporation (hereafter "Option One") is a duly organized corporation authorized to do business in the State of Rhode Island.

3. The plaintiff has filed a Complaint in this action alleging that this court has original jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 1337, 15 U.S.C. 1601, et. seq., 15 U.S.C. 1639, 15 U.S.C. 1691, 15 U.S.C. 45, and 12 U.S.C. 2601, et. seq., as well as 28 U.S.C. 1367.

4. If this court has proper original jurisdiction of this proceeding then it has supplemental jurisdiction over this crossclaim pursuant to 28 U.S.C. 1367.

5. Venue is proper in this District as the plaintiff is a Rhode Island resident and the defendants do business in this District.

6. The plaintiff has filed a Complaint in this action alleging various claims against Option One and Noreast arising out of a mortgage loan transaction that occurred on or about May 9, 2005.

7. Noreast was, at all times relevant hereto, an independent mortgage broker which acted as the plaintiff's agent in presenting the plaintiff's loan application to Option One.

8. The plaintiff has asserted in his complaint that Noreast made misrepresentations to the plaintiff and otherwise acted improperly and contrary to

law in the manner in which Noreast prepared and presented the plaintiff's application to Option One.

9. Noreast was obligated pursuant to its Broker Agreement with Option One to act in good faith relative to applications presented to Option One, to comply with all applicable state and federal law and with the terms of the Broker Agreement.

9. At all times relevant hereto, Option One has complied with all of the obligations imposed upon it by all state and federal statutory requirements relative to the plaintiff's loan transaction.

10. At all times relevant hereto, Option One has complied with all of its obligations under the Note and Mortgage.

11. In the event that Option One should become liable in any manner to plaintiff, Luis Santos, said liability will have been brought about solely by the breach of contract and/or negligence of Noreast.

12. Option One is entitled to contribution and/or contractual and common law indemnification against Noreast, for any and all sums which may be adjudged against Option One, or so much thereof as may constitute the pro-rata share of contribution payable to Luis Santos by Option One.

WHEREFORE, Option One Mortgage Corporation hereby demands judgment against Noreast Mortgage, Inc. as follows:

a. for any and all sums which may be adjudged against Option One, or so much thereof as may constitute the pro-rata share of contribution payable to Luis Santos by Option One;
b. for all damages incurred by Option One as a result of Noreast's breach of contract, including costs and attorney's fees; and
c. such other and further relief as this Court shall deem appropriate.

OPTION ONE MORTGAGE
By its Attorneys,
CARROLL KELLY & MURPHY

/s/Patricia A. Buckley

PATRICIA A. BUCKLEY #2987
One Turks Head Plaza, Suite 400
Providence, Rhode Island 02903
(401) 331-7272
(401) 331-4404
pbuckley@ckmlaw.com

**OPTION ONE MORTGAGE CORP.**
**HEREBY DEMANDS TRIAL BY JURY**

CERTIFICATION

I hereby certify that on the 26th day of June, 2007, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that John M. Verdecchia, Esq., john@verdecchialaw.com will receive notice through the ECF system.

/s/ Patricia A. Buckley