UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LUIS SANTOS, | : | |
| Plaintiff | : | |
| v. | : | C.A. No. 07-204 T |
| NOREAST MORTGAGE, INC., *et al.*, | : | |
| Defendants | : | |

**ANSWER OF DEFENDANT NOREAST MORTGAGE, INC.
TO DEFENDANT OPTION ONE MORTGAGE CORPORATION'S CROSS CLAIM**

*First Defense*

Defendant Noreast Mortgage Co., Inc. ("Noreast") hereby answers the numbered paragraphs of the Defendant Option One Mortgage Corporation's Cross Claim as follows:

1. Noreast denies the allegations in paragraph 1 of the Cross Claim.

2. Noreast is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Cross Claim.

3. Noreast admits the allegations in paragraph 3 of the Cross Claim to the extent that they characterize the allegations in plaintiff's Complaint. To the extent that the allegations in paragraph 3 of the Cross Claims are deemed to set forth a conclusion of law, no response is required.

4. The allegations in paragraph 4 of the Cross Claims set forth a conclusion of law to which no response is required.

5. The allegations in paragraph 5 of the Cross Claims set forth a conclusion of law to which no response is required.

6. Noreast admits the allegations in paragraph 3 of the Cross Claim to the extent that they characterize the plaintiff's Complaint. To the extent that the allegations in said paragraph 6 are deemed to set forth plaintiff's underlying factual allegations of wrongdoing, the allegations are denied.

7. Noreast denies the allegations in paragraph 7 of the Cross Claim.

8. Noreast admits the allegations in paragraph 8 of the Cross Claim to the extent that they characterize the plaintiff's Complaint. To the extent that the allegations in said paragraph 8 are deemed to set forth plaintiff's underlying factual allegations of wrongdoing, the allegations are denied.

9. The referenced Broker Agreement speaks for itself and, to the extent that the allegations in the first paragraph numbered 9 in the Cross Claim are inconsistent therewith, they are denied.

9.(sic) Noreast is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second paragraph numbered 9 in the Cross Claim.

10. Noreast is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Cross Claim.

11. Noreast denies the allegations in paragraph 11 of the Cross Claim.

12. Noreast denies the allegations in paragraph 12 of the Cross Claim.

## *Second Defense*

The Cross Claim is premature and not ripe for review.

## *Third Defense*

The Cross Claim fails to state a claim upon which relief may be granted, in that it fails to

set forth facts sufficient to state a claim in fact or in law, and therefore it should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Noreast Mortgage Co., Inc. prays for judgment denying and dismissing the Cross Claim, for attorneys' fees, costs, and such other and further relief as this Court deems meet and just.

DEFENDANT
Noreast Mortgage Co., Inc.

By and through its attorneys,

/s/ Stephen J. Reid, Jr.
/s/ Karen A. Pelczarski
/s/ Mary Cavanagh Dunn
Stephen J. Reid, Jr.(#2811)
Karen A. Pelczarski (#3357)
Mary Cavanagh-Dunn (#6712)
BLISH & CAVANAGH, LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903-1765
(401) 831-8900 (Phone)
(401) 751-7542 (Fax)
sjr@blishcavlaw.com
kap@blishcavlaw.com
mcd@blishcavlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the within Answer to Cross Claim, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 27, 2007.

/s/ Karen A. Pelczarski
Karen A. Pelczarski