**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LUIS SANTOS** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **C. A. NO.: 07-204-T** |
| | : | |
| **NOREAST MORTGAGE, INC.,** | : | |
| **FIRST MAGNUS FINANCIAL,** | : | |
| **HOMECOMINGS FINANCIAL,** | : | |
| **WASHINGTON MUTUAL,** | : | |
| **OPTION ONE MORTGAGE, PEOPLES** | : | |
| **CHOICE HOME LOAN INC.,** | : | |
| **FELIX BATISTA and PEDRO EVANGELISTA** | : | |
| **and JOHN DOE 1-10** | | |
| **Defendants** | | |

**PLAINTIFF LUIS SANTOS' RULE 16 STATEMENT**

This matter involves a law suit filed against various banking institutions and mortgage brokers for predatory lending. The Plaintiff, Luis Santos was given approximately $900,000 in mortgage loans on various properties located in South Providence. The Plaintiff alleges that he was the victim of abusive lending practices perpetrated by each of the Defendants. He has filed a nine count complaint alleging violations of various Federal statutory provisions in addition to common law claims of fraud, breach of contract and breach of fiduciary duty.

## I. TILA VIOLATION

In order for the Plaintiff to prevail on his Truth In Lending Act (TILA) claim, he must prove that each of the Defendants failed to properly and accurately disclose material terms of the financing agreement including, but not limited to, the amount financed, the finance charge, the annual percentage rate and the right to rescind. 15 U.S.C. §1601 *et seq.*, Regulation Z of the Federal Reserve Board 12 C.F.R. *et seq*.

## II. VIOLATION OF HOME OWNERSHIP AND EQUITY PROTECTION ACT OF 1994) ("HOEPA")

In order for the Plaintiff to sustain a violation of the Homeownership and Equity Protection Act of 1994 (HOEPA) he must prove that the mortgage met the definition of high rate mortgage and that each of the Defendants engage in a pattern or practice of making the loan based on the collateral value of the property without regard to his ability to repay the loan. 15 U.S.C. § 1639(a).

## III. RESPA VIOLATIONS

In order to prevail on a RESPA violation (Real Estate Settlement Procedures Act) the Plaintiff must prove that each of the loan transactions were federally regulated mortgage loans within the meaning of the act. 15 U.S.C. §1601 *et seq*. and 12 U.S.C. § 2601 *et seq.*

## IV. VIOLATION OF THE FEDERAL TRADE COMMISION ACT (FTC ACT)

The Plaintiff's complaint alleges a violation of the Federal Trade Commission Act. It is the Plaintiff's contention that the collective actions of the Defendants constitute what is popularity known as loan flipping and/or equity stripping. This abusive lending practice has been characterized as predatory lending. As with the proof required with the previous allegations, the Plaintiff must show that the Defendants conduct was willful and knowing and that the loan was made strictly for purposes of generating large fees in favor of the lending institution without regard for the Plaintiff's ability to repay the loan. 15 U.S.C. § 45 (a)(1).

## V. EQUAL CREDIT OPPORTUNITY ACT

The Plaintiff has alleged a violation of the Equal Credit Opportunity Act. In order to succeed on this count, the Plaintiff must show that the Defendants engaged in a pattern of targeting a particular class of borrowers. In this case, the Plaintiff alleges that he was targeted for these extremely unfavorable mortgage loans because of his race, inability to speak the English language and complete lack of experience in obtaining extensions of credit. 15 U.S.C. § 1691 *et seq.*

## VI. FRAUD

The Plaintiff alleges that each of the Defendants engaged in fraudulent misrepresentations with regard to material aspects of each of these loans. In order to prevail on this count, the Plaintiff must show that the Defendants intentionally misrepresented and/or omitted material facts which induced the Plaintiff to enter into each transaction.

## VII & VIII. BREACH OF CONTRACT

Count VII and VIII alleged breach of contract between the Plaintiff and the secondary lenders. Count VIII alleges breach of contract between the Plaintiff and Noreast Mortgage. The essence of both of these counts is that each of the Defendants had an implied duty to act in good faith in the execution and performance of the mortgage contract. It is the Plaintiff contention that each of these Defendants breached their respective duties to Plaintiff. As a direct and proximate result of the breach of contract by each Defendant, the Plaintiff incurred substantial financial losses and other harm.

## IX. BREACH OF FIDUCIARY DUTY

The Plaintiff has alleged breach of fiduciary duty against Defendants, Noreast Mortgage, Pedro Evangelista and Felix Batista. In order to prevail on this allegation, the Plaintiff must show that each one of these Defendants stood in a fiduciary capacity to the Plaintiff. In addition, the Plaintiff would have to prove that each of these Defendants placed their own interests before the interests of the Plaintiff and that the Plaintiff was injured therein. ***Reinhardt v. Gulf Ins. Co.*** 489 F.3d 405 (Fed. 1st Cir. 2007).

Respectfully submitted,
Plaintiff, Luis Santos,
By his Attorney

/s/ John M. Verdecchia, Esq.
John M. Verdecchia, Esq., (#3374)
1206 Westminster Street
Providence, Rhode Island 02909
(401)453-0700
(401)454-5557 {Fax}

## CERTIFICATION

I, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 5, 2007.

/s/ John M. Verdecchia, Esq.